Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4194 | **DATE** | 10/26/2004 |
| **CASE TITLE** | CHGO TILE INSTITUTE WELFARE PLAN, vs. TILE SURFACES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Bak's Rule 12(b)(6) motion to dismiss [doc. no. 5] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | OCT 2 6 2004 date mailed notice | |
| CG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN and CERAMIC TILE, TERRAZZO, & GRANITE CUTTERS UNION LOCAL NO. 67, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 04 C 4194 |
| v. | ) ) | Judge Ronald A. Guzmán |
| TILE SURFACES, INC., and DENNIS BAK, d/b/a TILE SURFACES, INC., a dissolved corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

DOCKETED
OCT 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Chicago Tile Institute Welfare Plan, Chicago Tile Institute Pension Plan ("Trust Funds") and Ceramic Tile, Terrazzo, & Granite Cutters Union Local No. 67 ("Union") have sued defendants Tile Surfaces, Inc. and Dennis Bak for failing to report wages and make contributions to the Trust Funds. Plaintiffs filed suit pursuant to Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and Section 301 of the Taft Hartley Act, 29 U.S.C. § 185. The case is before the Court on Bak's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons provided in this Memorandum Opinion and Order, the motion is denied.

### The Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The court must accept as true all of the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them. *Zinser v. Rose*, 868 F.2d 938, 939 (7th Cir. 1989). The court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

### Facts

Bak is the owner and operator of Tile Surfaces, a corporation that was dissolved for some or all of the period starting July 2003 and ending May 2004. (Compl. ¶¶ 5, 8.) Prior to its dissolution, Tile Surfaces entered into a collective bargaining agreement ("CBA") with the Union. (*Id.* ¶ 5.) The CBA binds Tile Surfaces to the trust agreements that created the Trust Funds. (*Id.*) The CBA and trust agreements require Tile Surfaces to submit monthly reports of the hours worked by bargaining unit employees and make contributions to the Trust Funds based on those hours. (*Id.* ¶ 6.) In addition, Tile Surfaces is required to make contributions to the Trust Funds on behalf of certain subcontractors who are not signatories to the CBA. (*Id.*) Plaintiffs allege that Tile Surfaces and Bak breached the provisions of the CBA and trust agreements by failing to make required contributions to the Trust Funds from July 2003 until May 2004. (*Id.* ¶ 8.)

### Discussion

Plaintiffs seek to hold Bak individually liable for the trust fund contributions that accrued during the time the corporation was dissolved. Their argument is based on section 8.65(a)(3) of

2

the Illinois Business Corporation Act ("BCA"), which provides:

> The directors of a corporation that carr[y] on its business after the filing by the Secretary of State of articles of dissolution, otherwise than so far as may be necessary for the winding up thereof, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business.

805 ILL. COMP. STAT. 5/8.65(a)(3). Bak admits he is an officer and shareholder of Tile Surfaces but argues that this fact alone is not sufficient to support a cause of action against him.[1] (Mot. Dismiss ¶¶ 2, 6.) Rather, he argues that section 12.45(d) of the BCA, which permits a reinstated corporation to ratify actions taken on its behalf while it was dissolved, as interpreted by the Illinois courts, absolves officers from liability for corporate debts incurred during a period of dissolution unless the corporation is insolvent. (*Id.* ¶ 5.) Because plaintiffs do not allege that Tile Surfaces is insolvent, Bak says the claim against him must be dismissed. (*Id.* ¶ 6.)

Bak's position is not supported by Illinois law. On the contrary, the Illinois courts have consistently held that the reinstatement of a dissolved corporation does not absolve officers of personal liability for debts incurred during the period of dissolution. The first case to so hold was *In re Estate of Plepel*, 450 N.E.2d 1244 (1st Dist. 1983). In that case, the president and majority shareholder of a corporation continued to conduct business on its behalf while it was dissolved. *Id.* at 1245. Shortly after his death, the corporation was reinstated and filed for bankruptcy. *Id.* The court held that the president's estate was liable for the debts incurred during the period of dissolution because, as a matter of public policy, an officer acting on behalf

---

[1] Though the statute states that *directors* are liable for corporate debts incurred during a period of dissolution, the Illinois courts have interpreted that section as applying to corporate officers as well. *See, e.g., Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.*, 584 N.E.2d 142, 146 (Ill. App. Ct. 1992) (holding secretary-treasurer of a corporation liable for debts incurred during its dissolution pursuant to section 8.65(a)(3)).

3

of a dissolved corporation should not be able to "shift his personal liability to the corporation simply by paying the arrearage in franchise tax." *Id.* at 1246.

The Illinois Appellate Court echoed the reasoning of *Plepel* in *Department of Revenue v. Semenek*, 551 N.E.2d 314 (1st Dist. 1990). The *Semenek* court held that two individuals who had continued to operate a dissolved corporation were personally liable for the sales tax collected during the period of dissolution. *Id.* at 316. In so holding, the court noted that section 12.45(d) was "inapplicable" to the case because it did not "transform individual liability [in]to corporate liability [or] . . . create a legal fiction contrary to the true nature of events." *Id.* at 315.

The appellate court revisited the issue in *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.*, 584 N.E.2d 142 (Ill. App. Ct. 1992). The *Chicago Title* court affirmed the trial court's judgment against both a corporate lessee and the corporation's secretary-treasurer for breach of a commercial lease. *Id.* at 143, 146. During the course of the lease, the corporation was dissolved for failing to file its annual report. *Id.* at 143. Two months after the plaintiff filed suit to recover past due rent, the corporation was reinstated. *Id.*

Unlike the *Semenek* court, the *Chicago Title* court found no tension between sections 8.65(a)(3) and 12.45(d) of the BCA. Rather, the court concluded that, read together, the sections imposed joint and several liability on the corporate and individual defendants for the past due rent. *Id.* at 146. This outcome, the court said, not only harmonized the two statutory sections but comported with the rule established in *Plepel* and *Semenek* that personal liability cannot be transformed into potentially worthless corporate debt. *Id.* at 146. The corporation could ratify the lease pursuant to section 12.45(d), the court said, "but if it [could] not pay debts so ratified, plaintiffs [could] recover from [the individual defendant] pursuant to 8.65(a)(3)." *Id.*

4

According to Bak, *Chicago Title* stands for the proposition that a principal of a corporation can be held personally liable for debts incurred during a period of dissolution only if the reinstated corporation is insolvent. (*See* Mot. Dismiss ¶ 5.) Bak reads that case too broadly. The *Chicago Title* court held that the BCA imposes joint and several liability on a corporation and its principals for debts incurred during dissolution. *Chicago Title,* 584 N.E.2d at 146. There is no priority among defendants in joint and several liability. Rather, that theory allows a "plaintiff to pursue all, some, or [only] one of the [parties] responsible for his injury for the full amount of the damages." *Coney v. J.L.G. Indus., Inc.*, 454 N.E.2d 197, 204 (Ill. 1983). Thus, plaintiffs could elect to sue Bak and Tile Surfaces, just Bak, or just Tile Surfaces, regardless of either party's ability to pay. Because neither *Chicago Title* nor any other case construing the BCA holds that a reinstated corporation's insolvency is a condition precedent to a corporate officer's personal liability for debts incurred during a period of dissolution, Bak's motion to dismiss is denied.

### Conclusion

For the reasons stated above, Bak's Rule 12(b)(6) motion to dismiss [doc no. 5] is denied.

**SO ORDERED.**        **ENTERED:**    10/25/04

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States District Judge**