IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN and CERAMIC TILE, TERRAZO, & GRANITE CUTTERS UNION LOCAL NO. 67,<br><br>Plaintiffs,<br><br>v.<br><br>TILE SURFACES, INC., and DENNIS BAK, d/b/a TILE SURFACES, INC., a dissolved corporation,<br><br>Defendants. | No. 04 C 4194<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Chicago Tile Institute Welfare Plan, Chicago Tile Institute Pension Plan and Ceramic Tile, Terrazzo, & Granite Cutters Union Local No. 67 have sued defendants Tile Surfaces, Inc. and Dennis Bak pursuant to Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA") for failing to make required contributions. The case is before the Court on plaintiffs' Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons provided in this Memorandum Opinion and Order, the motion is granted.

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Facts

The Chicago Tile Institute Welfare Plan and the Chicago Tile Institute Pension Plan (the "Trust Funds") are multi-employer plans that receive contributions from numerous employers pursuant to a Collective Bargaining Agreement ("CBA") between the employers and the Ceramic Tile, Terrazzo, & Granite Cutters Union Local No. 67 (the "Union"). (Pls.' LR 56.1(a)(3) Stmt. ¶ 2.) Defendant Tile Surfaces, Inc. is an Illinois corporation that was dissolved by the Secretary of State on November 1, 2002 and reinstated on March 26, 2004. (*Id.* ¶ 5.) Defendant Bak is a shareholder and officer of Tile Surfaces, Inc. who operated the company during its period of dissolution. (*Id.* ¶¶ 5-6.) Both defendants entered into the CBA with the Union on September 19, 2000. (*Id.* ¶ 4.)

The CBA requires defendants to submit monthly reports listing the hours worked by Union employees and to pay contributions to the Trust Funds based on those hours. (*Id.* ¶ 7.) The CBA

in effect for the period July 2003 through December 2003 required defendants to contribute $9.91 to the Trust Funds for each hour worked by each Union employee. (*Id.* ¶ 11.) Six Union employees performed 1,364 hours of work for defendants during that period. (*Id.* ¶ 12.) Consequently, defendants should have contributed a total of $13,517.24 to the Trust Funds for the last six months of 2003. (*Id.* ¶ 14.) In fact, defendants contributed nothing. (*Id.* ¶ 9.)

One of the Union employees who worked for defendants during that time was Dan Pacult. (*Id.* ¶ 12.) From July 2003 through May 2004, plaintiffs paid $13,837.15 in benefits for Pacult and his dependents. (*Id.* ¶ 20.) On April 26, 2004, plaintiffs gave written notice to defendants of their failure to pay contributions on Pacult's behalf. (*Id.* ¶ 19.) Defendants did not cure their delinquency at anytime after that notice was sent. (*Id.* ¶ 9.)

According to the CBA, an employer is liable for the benefit claims paid to its Union employees by the Welfare Fund if the employer fails to cure a delinquency within forty-eight hours after plaintiffs send a delinquency notice to it. (*Id.* ¶ 18.) The CBA also states that employers who do not pay required contributions are liable for liquidated damages, interest, court costs, audit fees and other reasonable costs incurred in the collection process. (*Id.* ¶¶ 8, 16-17.)

## Procedural Background

Plaintiffs filed their motion for summary judgment on January 24, 2005. In compliance with Local Rule 56.1(a), plaintiffs submitted in support of their motion a statement of uncontested material facts comprised of numbered paragraphs with citations to admissible evidence. *See* N.D. ILL. LR 56.1(a). Defendants had fourteen days to respond, but they neither filed a response nor

3

sought an extension of time to do so. Thus, defendants did not comply with Local Rule 56.1(b), which requires the parties opposing summary judgment to controvert specifically each of the movant's fact statements with which they disagree.

That omission is costly. According to the Local Rule, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. ILL. LR 56.1(b)(3)(B); *see Koszola v. Bd. of Educ. of City of Chic.*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("We have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.") (internal quotation marks, alteration and citation omitted). By failing to respond to plaintiffs' LR 56.1(a) statement, defendants have admitted all of the properly supported facts set forth in it.

## Discussion

ERISA requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Any employer who fails to do so shall be liable for the unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney's fees and "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

Defendants admit that: (1) from July 2003 through December 2003, they were parties to a CBA that required them to contribute $9.91 to the Trust Fund for each hour of work performed by

4

each Union employee; (2) Union members performed 1,364 hours of work for them from July 2003 through December 2003; and (3) they did not make any contributions to the Trust Funds for that work. (Pls.' LR 56.1(a) Stmt. ¶¶ 4, 9, 11-13.) Thus, the undisputed facts establish that defendants have violated 29 U.S.C. § 1145. Plaintiffs are, therefore, entitled to recover from defendants $13,517.24 in unpaid contributions. 29 U.S.C. § 1132(g)(2)(A)

Plaintiffs are also entitled to recover interest on that amount. 29 U.S.C. § 1132(g)(2)(B). The CBA states that interest on all outstanding balances is computed at the prime rate on the date the delinquency occurred. (Pls.' LR 56.1(a) Stmt., Ex. 4, CBA ¶ 3.10(b)(ii).)[1] Thus, plaintiffs may recover interest at that rate on the $13,517.24 in unpaid contributions.

Plaintiffs are also entitled to an award of attorney's fees and costs. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs say they have incurred $7,168.75 in attorney's fees, for 38.75 hours of attorney time at $185.00 per hour, and $200.00 in filing and process server fees in connection with this case. (See id., Ex. 6, Marco Aff.) Defendants have not contested these amounts, and the Court finds that they are reasonable. Accordingly, defendants are liable for $7,368.75 in attorney's fees and costs.

Defendants are also liable for "liquidated damages provided for under the plan." 29 U.S.C. § 1132(g)(2)(C)(ii). According to the CBA, liquidated damages are assessed at 10% of the amount due to the Trust Funds and 5% per month on the amounts due to the Illinois District Council #1 Annuity Fund. (See Pls.' LR 56.1(a) Stmt., Ex. 4, CBA ¶ 3.10(b)(i).) The Trust

---

[1] The CBA also states that interest on balances owed to the Illinois District Council #1 Annuity Fund is computed at the prime rate plus one percentage point. (Id.) Plaintiffs have not, however, offered any evidence to show what amounts, if any, defendants owed to that fund. Thus, the prime plus one rate does not apply.

5

Funds' Administrator, Ann Bender, says that amount equals $1,583.60, which is apparently comprised of $1,351.72 for the amount due to the Trust Funds and $231.88 for the amount due to the Annuity Fund. (*See id.*, Ex. 3, Bender Aff. ¶ 4.) We say apparently because Ms. Bender's affidavit does not explain how that number was calculated. Absent some explanation of the basis for the additional $231.88 in liquidated damages, plaintiffs have not established that they are entitled to recover them. Thus, the Court awards plaintiffs liquidated damages of $1,351.72, 10% of the amount due to the Trust Funds.

Plaintiffs also seek restitution of the $13,837.15 in benefit claims they paid on behalf of defendants' employee, Dan Pacult, 1from July 2003 through May 2004. ERISA allows the Court to award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). The phrase "equitable relief" includes restitution. *Cf. Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 615 (7th Cir. 1995) (stating that "appropriate equitable relief" as used in section 1132(a)(3) of ERISA includes restitution).

To prevail on the ERISA restitution claim, plaintiffs must demonstrate that "(1) [they] had a reasonable expectation of payment (2) the [defendants] should reasonably have expected to pay, or (3) society's reasonable expectations of person and property would be defeated by nonpayment." *Harris Trust & Sav. Bank*, 57 F.3d at 615 (internal quotation marks and citation omitted). Each of those elements is present in this case. The CBA, which requires delinquent employers to reimburse the Welfare Fund for any benefit claims it pays to their employees, gave plaintiffs a reasonable expectation of being paid and defendants a reasonable expectation of having to pay. Moreover, "the interests of society, as reflected in the goals of ERISA and efficient plan administration, would be served by allowance of an equitable remedy." *Id.* at 615-16

(internal quotation marks and citation omitted). Consequently, the Court holds that defendants must pay plaintiffs $13,837.15 in restitution for benefit claims they paid to Pacult.

## Conclusion

For the reasons stated above, there is no genuine issue of material fact on the ERISA claims plaintiffs asserts against defendants and plaintiffs are entitled to judgment as a matter of law. Plaintiffs' motion for summary judgment [doc. no. 13] is, therefore, granted. Plaintiffs are entitled to recover $36,074.86 ($13,517.24 in unpaid contributions plus $1,351.72 in liquidated damages plus $7,368.75 in attorney's fees plus $13,837.15 in restitution for benefit claims paid to Pacult) as well as interest on the unpaid contributions. Plaintiffs are ordered to submit an appropriate interest calculation to the Court within seven days of the date of this Memorandum Opinion. After the interest calculation is received, the Court will enter judgment in accordance with this Opinion.

SO ORDERED.  ENTERED:

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States District Judge   5-19-05